LOUIS TARKE and BETTY TARKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tarke v. Commissioner
Docket No. 19826-83.
United States Tax Court
T.C. Memo 1985-448; 1985 Tax Ct. Memo LEXIS 186; 50 T.C.M. (CCH) 910; T.C.M. (RIA) 85448; August 26, 1985. John Patrick Kelly, for the petitioners. Karl Zufelt, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Additions to Tax, IRC 1954
Year
Deficiency
Section 6653(a)
1977
$ 34,472.88
$ 0.00
1979
37,338.00
$1,867.00
The only issue for decision is whether the addition to tax under section 6653(a) is applicable for the year 1979. Louis Tarke and Betty Tarke are husband and wife who resided in Sutter, California, at the *187 time of filing the petition. The deficiency for 1977 relates to a 1977 coal program promoted by Cal-Am, known as Wyoming and Western Coal Reserves, Inc. The parties have entered into a stipulation to be bound by the resolution of issues concerning royalties in the case of Ward v. Commissioner,T.C. Memo. 1984-570, on appeal (9th Cir., Jan. 14, 1985), when the decision in that case is final as defined in section 7481. At the trial, petitioners conceded the tax deficiency for the year 1979, as determined by respondent. However, they continued to dispute the addition under section 6653(a) for 1979. Respondent determined that a part of the underpayment of the tax for the year 1979 was due to negligence or intentional disregard of rules and regulations and consequently added to the tax an amount equal to five percent of the underpayment pursuant to section 6653(a)(1). Petitioners have the burden of proof to refute that determination. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure. The only evidence submitted on behalf of petitioners which purports to relate to this issue was copies of certain letters *188 dated in May and June of 1983 between a certified public accountant, who presumably was the Tarke's accountant, and some attorneys from at least three different offices with regard to who was going to be responsible for filing a petition to the Tax Court on behalf of the Tarkes and how the responsibility would be split between attorneys as between the two taxable years involved. The correspondence was sketchy, inconclusive and confusing. In fact, two petitions were filed on behalf of the Tarkes with respect to this matter, one of which had to be dismissed on the ground of duplication. None of the correspondence had anything to do with the question of negligence or unintentional disregard of rules or regulations by petitioners with respect to the underpayments of tax. The correspondence was totally irrelevant and accordingly, we find that petitioners have failed to carry their burden of proof and the addition under section 6653(a)(1) as determined by respondent is correct. On its own motion, the Court will now consider whether any damages should be awarded to the United States under section 6673, which provides-- Whenever it appears to the Tax Court that proceedings before it *189 have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * With respect to the year 1977, it appears that many cases involving Wyoming and Western Coal Reserve, Inc. have been submitted to the Tax Court, and that at the time of this trial, three cases had been decided against the taxpayers. These cases are Walls v. Commissioner,T.C. Memo. 1983-504; Thompson v. Commissioner,T.C. Memo. 1984-337; Ward v. Commissioner,T.C. Memo. 1984-570, on appeal (9th Cir., Jan. 14, 1985). The parties have stipulated that they will be bound by the final outcome of the latter case. Petitioners' attorney is the attorney in many of these cases and is familiar with all of them. In the light of the many cases involving this same issue, we hold that bringing this case to the point of trial before agreeing to be bound by the Ward case was frivolous and done primarily for delay. With respect to the year 1979, at the first call of this *190 case for hearing, petitioners conceded the tax deficiency for 1979 and their attorney reported to the Court * * * apparently the only information that he had on the '79 [sic], there was an attorney to handle that issue who I understand now has passed away, and the only information my client had on it was about a year ago, that he understood they were changing the program from some gold mine in Canada to a Utah program, and that is all he knew. So apparently, that was a nothing deal, a mining development. It appears quite clear to the Court from this statement and the total lack of evidence that these proceedings were instituted and maintained by the taxpayers primarily for delay and that their position was totally groundless. In spite of all this, petitioners insisted upon contesting the addition under section 6653(a)(1), and in support of their position, presented to the Court some correspondence which was so totally irrelevant as to be ludicrous. As a result of this activity, respondent has had to spend time and money to defend against the petition and this Court has had to spend time and money to decide the 6653(a)(1) addition question. In order to compensate the United *191 States for the cost of these groundless proceedings, the Court awards damages against petitioners in the amount of $2,000.00. Oneal v. Commissioner,84 T.C. 1235 (1985). In order to reflect our holding for respondent with respect to the addition to tax under section 6653(a)(1) for 1979, the award of damages under section 6673 and the parties' agreement to be bound by Ward v. Commissioner,supra,
An appropriate order will be issued.